UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON JUAN CORNELIUS, | ) | 1:03-CV-05677 AWI SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| EDWARD ALAMEIDA, Director, | ) | [Doc. #17] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on October 12, 2000, for petty theft with a prior in violation of Cal. Penal Code § 484(a). See Exhibit A, Respondent's Answer to the Petition (hereinafter "Answer"). Special allegations that Petitioner had committed three prior serious or violent felonies were found to be true pursuant to Cal. Penal Code § 666. Id. On February 16, 2001, Petitioner was sentenced to serve an indeterminate term of 25 years to life. Id.

---

[1] This information is derived from the first amended petition for writ of habeas corpus and Respondent's answer to the petition.

1      The judgment was affirmed by the California Court of Appeal, Fifth Appellate District, in an
2 unpublished opinion filed on January 13, 2003. Id.
3      Thereafter, Petitioner filed a petition for review with the California Supreme Court; however,
4 review was summarily denied by the California Supreme Court on March 19, 2003. See Exhibits B
5 and C, Answer.
6      On April 21, 2003, Petitioner filed a petition for writ of habeas corpus in the United States
7 District Court for the Eastern District of California, Sacramento Division.  By order of the court
8 dated May 23, 2003, the action was transferred to the Fresno Division.  Petitioner raised the
9 following four (4) grounds for relief: (1) "There was [sic] no cartons of cigarettes removed from the
10 Defendant at all or no time [sic] at Costco Store"; (2) "There was a letter written to the courts that
11 should of [sic] been filed from one of the witness[es], but never filed"; (3) "I was denied [effective
12 assistance] of counsel during the trial, before the trial, and after even with new counsel that had
13 taken over the case"; (4) "I am asking for a proper trial, I asked for my witeness [sic] I was denied of
14 letting them come to court in my behalf."
15      On June 13, 2003, this Court found the petition failed to state a claim and issued an order
16 directing Petitioner to file an amended petition.
17      After several requests for extensions of time were granted, Petitioner filed an amended
18 petition on October 24, 2003.  The petition raises the following four (4) grounds for relief: (1)
19 "Petitioner was denied Effective Assistance of Counsel who failed to procure attendance of witness
20 and failed present defense of merit in violate [sic] of U.S. Constitution Amendment Six"; (2)
21 "Petitioner was denied the right to procure attendance of witnesses which abrogated Petitioner's
22 right of confrontation in violation of United States Constitution Amendment Six"; (3) "Petitioner's
23 conviction was secured with perjured testimony in violation of U.S. Constitution Amendment
24 Fourteenth"; and (4) "Petitioner's newly discovered evidence would have caused a different result
25 that exonerates the Petitioner."
26      On October 31, 2003, the Court issued an order directing Respondent to file a response to the
27 amended petition. Respondent was granted until December 15, 2003, to file a motion to dismiss, and
28 until January 29, 2004, to file an answer.

1    Meanwhile, on October 10, 2003, Petitioner filed a petition for writ of habeas corpus in the
2 Superior Court of California, County of Stanislaus. See Exhibit D, Answer. On October 14, 2003,
3 the petition was denied. Id. Petitioner filed a petition for writ of habeas corpus in the 5th DCA on
4 October 22, 2003. See Exhibit E, Answer. The petition was summarily denied on February 19, 2004.
5 Id. On November 10, 2003, Petitioner filed a petition for writ of habeas corpus in the California
6 Supreme Court. See Exhibit F, Answer. On August 25, 2004, the petition was summarily denied.
7 See Exhibit G, Answer.

8    On March 1, 2004, Respondent filed a motion to dismiss the petition for failure to exhaust
9 state remedies. On March 23, 2004, Petitioner filed a motion for dismissal without prejudice. On
10 March 26, 2004, the undersigned issued a Report and Recommendation which recommended
11 Respondent's motion to dismiss be denied and Petitioner's motion to dismiss be dismissed with
12 leave to renew. On May 14, 2004, the District Court adopted the Report and Recommendation in
13 full.

14    On September 2, 2004, Respondent was directed to file a new motion to dismiss or an answer
15 addressing the merits of the petition. Respondent filed an answer on September 30, 2004. Petitioner
16 did not file a traverse.

**FACTUAL BACKGROUND**

18    The following factual summary is quoted from the opinion of the 5th DCA dated January 13,
19 2003:

> While shopping at a Costco warehouse store, appellant was observed concealing cartons of cigarettes in his clothing. Nick Pappas, a Costco employee, stationed himself outside the entrance of the store to stop appellant if he exited the store without paying for the merchandise. When appellant exited the store, Pappas and another employee approached appellant and asked to speak with him about the cigarettes. Appellant denied any knowledge about cigarettes and continued walking. Appellant eventually agreed to give the cigarettes back and pulled two cartons of cigarettes from beneath his clothing. It appeared to Pappas that appellant had an additional carton of cigarettes concealed in his clothing, but appellant denied the accusation. When appellant stated that he was leaving, a scuffle between appellant and the employees broke out. Pappas was able to subdue appellant and retrieve the cigarettes.
>
> An off-duty police officer approached the group and offered his assistance. The officer conducted a pat search of appellant. When the officer momentarily turned away, appellant took off running. The officer and Pappas gave chase, catching appellant moments before the police arrived.

28 See pp. 2-3, Exhibit A, Answer.

# DISCUSSION

## I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II. Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

1      As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

     Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

     "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

     Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

     AEDPA requires that we give considerable deference to state court decisions. The state

court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

    **A.  Ground One**

Petitioner claims his defense counsel was ineffective in failing to procure witnesses who would have testified to his innocence. He claims defense counsel failed to present an adequate defense.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).  Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

Petitioner claims defense counsel failed to call Bridget Torres and Jamie Finn as witnesses for the defense. Petitioner claims these individuals were willing to testify. Bridget Torres was Petitioner's fiancee and Jamie Finn was Ms. Torres' daughter. (RT 13.) They both entered the store with Petitioner and were present when Petitioner was arrested outside the store. (RT 13-14, 21.) They also appeared on the video taken by the store video monitors at the time Petitioner committed the offense. (RT 13.)

During the Marsden hearing, defense counsel explained that he had interviewed these witnesses but chose not to call them. The following discussions took place at the hearing:

> [DEFENSE COUNSEL]: At that pre-trial, Your Honor, I spoke with Bridget Torres, who is Mr. Cornelius' fiancee. I did not know that she was at Costco. I had a hunch that somebody else was at Costco with Mr. Cornelius. I had never met her prior to that. She does show up on the tape. So does her daughter and son-in-law.
>
> THE COURT: So they're available if you need them for witnesses.
>
> [DEFENSE COUNSEL]: Correct. She was scared, however, Your Honor. She told me she did not come forward because she was scared she would be charged in this case.
>
> . . . .
>
> [DEFENSE COUNSEL]: I did tell that to Mr. Cornelius when I saw him, that she had some concerns about being a potential defendant. I did advise Mr. Cornelius that I could always subpoena her, but based upon her comments, I would have to advise the Court to advise her of her rights to counsel.
>
> . . . .

U.S. District Court
E. D. California         cd                                      7

> [DEFENSE COUNSEL]: . . . . I did ask Miss Torres to come to my office and write some things with her. She said she would. I phoned and left a message. I had a hearing that was continued to that date. I asked her to come in either Thursday of Friday of last week, to let me know which would be better for her so I could arrange my schedule. I did not hear back. I left several other messages for her. I did not receive any call back. I was not able to get hold of her. I always got the answering machine.
>
> . . . .
>
> [DEFENSE COUNSEL]: [Bridget Torres and Jamie Finn] both told me they were in Costco, told me they came in under Miss Torres's membership card; that fairly shortly after entering the store, they separated. Mr. Cornelius went his way, said he wanted to go look at some luggage, and she told me that they finished their shopping and were outside the store. That it was next time they saw Mr. Cornelius when there was some action on the ground. She then later went on to say that she might be on the videotape, and her daughter acknowledged the same thing, that she might be.

(RT 13-24.) Whereupon, the Marsden motion was denied.

Following the guilty verdict and before sentencing, Petitioner made a motion for new trial on the same grounds. The court relieved Mr. Fairfield as defense counsel and appointed Miss Hertle of Grisez, Orenstein & Hertle to represent Petitioner. At the hearing on the motion, Miss Hertle requested additional time to interview the witnesses. (RT 172-173.) The court reconvened at a later date and heard the motion following Miss Hertle's investigation into the matter. She stated the following:

> MS. HERTLE: In this matter, as I indicated last time, the witnesses that Mr. Cornelius requested to be interviewed have been interviewed. Last time it was put over so that I could interview Mr. Fairfield. I've done that.
>
> We've also viewed the videotape in this case twice, and we've reviewed the police reports and other information; and so under Penal Code 1181, we find that there's no legal basis for motion for new trial.

(RT 175.) The motion was then denied.

Petitioner raised this claim in a petition for writ of habeas corpus to the Stanislaus County Superior Court on October 10, 2003. See Exhibit D, Answer. On October 14, 2003, the petition was denied in a reasoned opinion. Id. On November 10, 2003, Petitioner raised the claim to the California Supreme Court in a petition for writ of habeas corpus. See Exhibit F, Answer. On August 25, 2004, the petition was summarily denied. See Exhibit G, Answer. The California Supreme Court, by its "silent order" denying review of the superior court's decision, is presumed to have denied the claim presented for the same reasons stated in the opinion of the superior court. Ylst v. Nunnemaker, 501

U.S. 797, 803 (1991).

In rejecting the claim, the superior court stated:

> The Court having reviewed the Petition and the Court's file, IT IS ORDERED that the Petition is DENIED. Mr. Cornelius made the same complaints regarding Mr. Fairfield during trial and the alleged failure to call impeaching witnesses. Mr. Fairfield advised the Court he had spoken with the witnesses and that their testimony would not be helpful, in fact would be harmful to Mr. Cornelius, and he decided not to call them. The Defendant, following conviction by jury, made a motion for new trial based upon incompetence of counsel, again, alleging failure to call witnesses. This Court relieved Mr. Fairfield and appointed the offices of Grisez, Orenstein & Hertle to represent the Defendant. On December 7, 2000, Ms. Hertle advised the court that following their research/investigation of the motion for new trial they could find no grounds for pursuing the motion.

See Exhibit D, Answer.

Likewise, this Court does not find that defense counsel's performance was unreasonable. Counsel was aware of the witnesses and personally interviewed them. Counsel determined the witnesses would not be helpful, but would actually be harmful to Petitioner. This is demonstrated by the affidavit of Ms. Torres which was appended to the Petition. In said affidavit, Ms. Torres states Petitioner did place cigarette cartons under his sweatshirt but returned them before leaving Costco. See Exhibit A, Petition. Her testimony would only have confirmed the Costco employees' testimony that they had viewed Petitioner secreting cartons of cigarettes under his clothing. In light of the above, counsel's tactical decision not to call the witnesses was understandable. In addition, Petitioner has not demonstrated that the result would have been any different if the witnesses had been called.

Thus, Petitioner has failed to demonstrate that the state court rejection of his claim was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d). The claim should be rejected.

**B. Ground Two**

Petitioner next claims he was denied his right to confrontation when defense counsel failed to call witnesses on his behalf who were willing to testify. Again, Petitioner identifies Bridget Torres and Jamie Finn as witnesses who would have testified on his behalf.

The Sixth and Fourteenth Amendments to the United States Constitution guarantees that in

1 all criminal prosecutions, state as well as federal, the accused has a right "to be confronted with the
2 witnesses against him." U.S. Const., Amdt. 6; Lilly v. Virginia, 527 U.S. 116, 123 (1999); Pointer v.
3 Texas, 380 U.S. 400 (1965) (applying Sixth Amendment to the States).  The Supreme Court has
4 stated, "The central concern of the Confrontation Clause is to ensure the reliability of the evidence
5 against a criminal defendant by subjecting it to rigorous testing in the context of an adversary
6 proceeding before the trier of fact." Lilly, 527 U.S. at 123-124, *citing* Maryland v. Craig, 497 U.S.
7 836, 845 (1990).

8      As Respondent correctly argues, Petitioner is merely recharacterizing his first claim under a
9 different Constitutional amendment. However, the Constitutional guarantee Petitioner seeks to
10 invoke is simply inapplicable. As stated above, the Sixth Amendment right to confrontation ensures
11 that a defendant will be given an opportunity to cross-examine the witnesses *against* him. Here,
12 Petitioner is not alleging that he was denied such an opportunity; rather, he is complaining that
13 witnesses were not called on his own behalf. Therefore, the claim fails on its face and should be
14 rejected.

15      **C. Ground Three**

16      Next, Petitioner claims that Costco employees lied in order to convict him and that witness
17 Bridget Torres "was not called to testify . . . to confirm that witnesses for the prosecution . . . offered
18 perjured testimony." See p. 4, Petition.

19      Again, Petitioner reiterates his claim that Bridget Torres should have been called to testify on
20 Petitioner's behalf. As previously discussed, Petitioner has not demonstrated error on the part of
21 counsel in choosing not to call Torres as a defense witness. In addition, Petitioner's claim of perjury
22 by Costco employees is completely unfounded and unsupported. He makes no showing whatsoever
23 that Costco employees committed perjury. This claim must also be rejected.

24      **D. Ground Four**

25      Finally, Petitioner claims Bridget Torres' testimony in the form of her statement, which
26 Petitioner appends to the Petition, was newly found evidence that would have proven his innocence
27 at trial. This claim is also meritless on its face. Her testimony is not newly discovered; as the record
28 and the Petition demonstrate, her testimony was well-known and available to Petitioner and his

counsel at trial. As previously discussed, trial counsel made a tactical decision not to call her as a witness, and Petitioner has not shown his decision was erroneous. In addition, even if Torres' statement can be viewed as newly discovered evidence, federal habeas relief is unavailable because Petitioner has not demonstrated a constitutional violation. See Herrera v. Collins, 506 U.S. 390, 400 (1993) (Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.)

Therefore, Petitioner has failed to demonstrate that the state court rejection of his claim was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d). The claim should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 7, 2006**                /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE